The Honorable Armil O. Curran State Representative 210 West Main Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on several questions regarding Act 451 of 1993. That act amends A.C.A. §4-9-402, a portion of the Uniform Commercial Code dealing with secured transactions. Specifically, Act 451 adds a sentence to this section which states that when a mortgage is filed as a financing statement (with respect to fixtures on real estate) "[a]ll recording, satisfaction, and termination fees shall be collected by the Circuit Clerk and the Secretary of State at the time of the initial filing." Your questions with regard to this act are as follows:
 1. Does the filing fee cover UCCs only filed in the UCC Records, or does it also cover UCCs filed in the Mortgage Records?
 2. Is this Act applicable to Real Estate Mortgages filed in the Mortgage Records in-so-far as filing or recording fees are concerned?
 3. Does the Act require the Circuit Clerk and Recorder to collect the filing fee and the Release fee in advance?
 4. Is this Act applicable to the Secretary of State's office?
In response to your first question, I am a little unclear as to which "filing fee" you refer. Ordinarily, financing statements filed to perfect security interests in collateral under A.C.A.4-9-101 to -507 (UCCs, as you refer to them) are filed in the "UCC records." In certain instances, however, as with security interests in "fixtures" to real estate, the statutes provide for the mere filing of a real estate mortgage in the real estate records which may serve as the financing statement with regard to such fixtures. See A.C.A. § 4-9-402(6), and the Official Commentary thereto. In the former instance, the relevant filing fee is six dollars for the initial filing of a financing statement (A.C.A. § 4-9-403(5) and six dollars for the filing of a termination statement. (A.C.A. § 4-9-404(3)). In the latter instance (where a mortgage is filed in the real estate records), the only fee is that ordinarily required for the recordation and satisfaction of a mortgage. See A.C.A. § 4-9-402(6) (2nd sentence). Those fees are set out at A.C.A. § 21-6-306 (Cum. Supp. 1993), and are: for recording a mortgage, four dollars for one page (one side only) and two dollars for each additional page; and for satisfaction of a mortgage, fifty cents "[f]or entering satisfaction of record, marginal." These are the appropriate fees for the filings mentioned. As noted above, Act 451, the act about which you inquire, added one sentence to A.C.A. § 4-9-402 which stated that with respect to mortgages
filed as financing statements, the circuit clerk and Secretary of State shall collect all recording, satisfaction, and termination fees at the time of the initial filing. This provision only has applicability to real estate mortgages filed in the real estate records which also, pursuant to A.C.A. § 4-9-402(6), operate as financing statements with respect to the fixtures. This conclusion is borne out by both the title and the subtitle of Act 451, which provide respectively as follows:
 AN ACT TO AMEND ARKANSAS CODE § 4-9-402 REGARDING FINANCING STATEMENTS TO REQUIRE ANY FEES FOR RECORDING AND SATISFACTIONS OF MORTGAGES TO BE COLLECTED AT THE TIME OF THE INITIAL FILING WITH THE CIRCUIT CLERK OR SECRETARY OF STATE; AND FOR OTHER PURPOSES.
 AN ACT TO REQUIRE ANY FEES FOR RECORDING AND SATISFACTIONS OF MORTGAGES AS FINANCING STATEMENTS TO BE COLLECTED AT THE TIME OF THE INITIAL FILING.
Thus, Act 451, which requires the filing fee for satisfactions or terminations of mortgages to be paid at the time of the initial filing of the mortgage, has no application to "UCC filings," whether or not they are filed in the real estate records. The fees for these filings are to be collected in the amounts and at the times provided for under the UCC. Act 451 does not make any change in the collection of filing fees on "UCCs" as you refer to them. See also generally, Op. Att'y Gen. 90-220, copy enclosed. It affects only real estate mortgages which may also, under A.C.A. § 4-9-402(6), operate as fixture financing statements.
The answer to your second question is "yes." Act 451 requires that mortgages filed in the real estate records as financing statements with respect to fixtures be accompanied by the fee for filing a mortgage, and any other fee for satisfaction or termination of the mortgage. The satisfaction or termination fees must be paid at the time of the initial filing.
The answer to your third question is "yes," but only with respect to real estate mortgages filed in the real estate records as "fixture-financing statements." See response to question 3 above.
The answer to your fourth question is not clear, but in my opinion is "yes," only with respect to mortgages filed with the Secretary of State under A.C.A. § 18-40-110 (1987). Act 451, as noted above, provides only that the filing fees for both recording and satisfaction of mortgages filed in the real estate records as "fixture-financing statements" shall be collected upon the initial filing. Mortgages filed as "fixture-financing statements" under § 4-9-402(6) are simply filed as a mortgage on the real estate. A.C.A. § 4-9-402(6). Mortgages on real estate are filed at the local level with county recorders. See A.C.A. § 14-15-402. The Secretary of State is not the proper recipient of a mortgage filed as a "fixture-financing statement" under § 4-9-402(6).[1] He is, however, the proper recipient, under § 18-40-110, of mortgages covering real property situated in more than one county filed by corporations subject to regulation by the Arkansas Public Service Commission.
Additionally, this statute provides in subsection (h) that "[a]ll other laws not in conflict herewith which relate to the time when, or manner or place in which, mortgages . . . or instruments . . . in satisfaction thereof are filed, executed, or acknowledged, or which relate to the manner of endorsement of the record where the instrument is recorded shall be construed to apply to instruments recorded or filed in the Office of the Secretary of State pursuant to this section."
It is therefore my opinion that Act 451 does apply to the Secretary of State's office, but only with respect to mortgages filed under A.C.A. § 18-40-110.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I am not unaware, however, that many secured creditors file at the local level in the real estate records and, in an abundance of caution, also file with the Secretary of State; although such filing may not be essential to perfection. In addition, "fixture financing statements" of transmitting utilities must be filed with the Secretary of State. A.C.A. §4-9-401(5). Section 4-9-402(6), however, as amended by Act 451, in my opinion simply does not apply to these filings.